IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONALD M. HUBERTY,

    Plaintiffs,

        v.

U.S. AMBASSADOR TO COSTA RICA
and U.S. SECRETARY OF STATE,

    Defendants.

NO. 3:07-CV-1420

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Defendants' motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Doc. 3.) Defendants' motion will be granted on all counts.  First, a claim pursuant to the Federal Tort Claims Act lacks subject matter jurisdiction, as such a claim may only be brought against the United States.  Second, a claim pursuant to *Bivens v. Six Unknown Named Ages of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) fails, as a *Bivens* claim may not be made based upon *respondeat superior* liability.  Finally, a claim pursuant to the Pennsylvania Constitution fails, as no remedy for monetary damages exists for such a violation.

## BACKGROUND

The facts as alleged in Plaintiff's Complaint are as follows.

The Plaintiff is Donald M. Huberty, a citizen of Coxville, Pennsylvania.  (Compl. ¶ 1, Doc. 1.)  The Defendants are the United States Ambassador to Costa Rica ("Ambassador to Costa Rica") and the United States Secretary of State ("Secretary of

State"). (*Id.* ¶¶ 2-3.) On November 30, 2005, Plaintiff visited the embassy in San Jose, Costa Rica. (*Id.* ¶ 5.) While at the embassy, he was denied the use of a reference book. (*Id.* ¶ 7.) Plaintiff was ordered to leave them embassy, but remained seated. (*Id.*) The embassy security director then attacked the Plaintiff. (*Id.* ¶ 8.) Other security guards and U.S. Marines aided and abetted in the attack. (*Id.* ¶ 9.)

Plaintiff filed his Complaint on August 8, 2007. (Doc. 1.) On August 10, 2007 Defendants filed the present Motion to Dismiss. (Doc. 3.) Local Rule 7.6 requires that opposition to a motion be filed within fifteen (15) days of service of the movant's brief, or the motion is deemed to be unopposed. However, Plaintiff did file a responsive brief on September 18, 2007. (Doc. 5.) With cognizance of Plaintiff's *pro se* status, the Court will not consider the motion unopposed, and will look to the merits of the case. This motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

### I.  Motion to Dismiss Pursuant to Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action where the court lacks jurisdiction over the subject matter of that action. FED. R. CIV. P. 12(b)(1). Because lack of ripeness impedes justiciability and thus the subject matter jurisdiction of the district court, ripeness claims should be raised in a Rule 12(b)(1) motion to dismiss rather than in a summary judgment motion. *Taylor Inv., Ltd. v. Upper Darby Twp.*, 983 F.2d 1285, 1290 (3d Cir. 1993). A defendant may challenge the existence of subject matter jurisdiction in two fashions. *See Mortensen v. First Fed. Sav. And Loan Ass'n*,

2

549 F.2d 884, 891 (3d Cir. 1977).  Where a defendant attacks the complaint as deficient on its face, the Court must assume that "the allegations contained in the complaint are true." *Id.*  In deciding a Rule 12(b)(1) facial attack, the court may only consider the allegations contained in the complaint and the exhibits attached to the complaint; matters of public record such as court records, letter decisions of government agencies and published reports of administrative bodies; and "undisputably authentic" documents which the plaintiff has identified as a basis of his claims and which the defendant has attached as exhibits to his motion to dismiss.  *Hunter v. United States*, 2000 WL 1880257, at *3 (M.D. Pa. Dec. 15, 2000).  *See generally Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196-97 (3d Cir. 1993).

However, when the motion to dismiss attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to the allegation included in the plaintiff's complaint.  *Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000) (quoting *Mortensen*, 549 F.2d at 891).  Thus, the Court may weigh all of the available evidence to satisfy itself that subject matter jurisdiction indeed exists.  *Id.*  It is important to note also that the existence of disputed material facts will not preclude the Court from evaluating the jurisdictional allegations set forth in the complaint.  *Gould Elecs., Inc. V. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

In the present matter, the portion of Defendants' motion related to subject matter jurisdiction will be treated as a facial attack.  Accordingly, this Court will consider the allegations contained in the complaint and all attachments thereto.

3

**II.     Motion to Dismiss Pursuant to Rule 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting as true all of the facts alleged in the complaint, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1960, 167 L.Ed.2d 929 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  As a result of the *Twombly* holding, Plaintiff must now nudge its claims "across the line from conceivable to plausible" to avoid dismissal thereof.  *Id*.  The Supreme Court noted just two weeks later in *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam), that *Twombly* is not inconsistent with the language of Federal Rule of Civil Procedure 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' "  *Id*. (citing *Twombly*, 127 S.Ct. at 1959 (quoting *Conley*, 355 U.S. at 47)).

There has been some recent guidance from the Courts of Appeals about the apparently conflicting signals of *Twombly* and *Erickson.*  The Second Circuit Court of Appeals reasoned that "the [Supreme] Court is not requiring [in *Twombly*] a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*."  *Iqbal v.*

4

*Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original).  Similarly, the Seventh Circuit Court of Appeals stated that "[t]aking *Erickson* and *Twombly* together, we understand the Court to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."  *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, — F.3d —, 2007 WL 2406859, at *4 (7th Cir. Aug. 24, 2007).

Until further guidance, this Court will follow the guidance of the Second and Seventh Circuit Courts of Appeals, and apply a flexible "plausibility" standard, on a case-by-case basis, in those contexts in which it is deemed appropriate that the pleader be obliged to amplify a claim with sufficient factual allegations.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994).  The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss.  *Id.*  The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions."  *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims.  *See Scheuer v.*

*Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether the plaintiff will ultimately prevail.  *See id.*  In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred.  *See Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993).  The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

The Plaintiff does not specify the grounds of his suit against Defendants, the Ambassador to Costa Rica and the Secretary of State.  However, the claims alleged in his Complaint may be read as allegations pursuant to the Federal Tort Claims Act ("FTCA"), *Bivens v. Six Unknown Named Ages of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Pennsylvania Constitution.

### I.   **The Federal Tort Claims Act**

The FTCA is a waiver of the United States' sovereign immunity, and gives federal district courts jurisdiction over claims against the United States for monetary damages.  28 U.S.C. § 1346(b).  The FTCA authorizes private tort actions against the Government "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).

The Plaintiff in this case alleges a tort claim against the Ambassador to Costa Rica and the Secretary of State based upon an assault and battery that occurred while the

Plaintiff was in Costa Rica. The Defendants make several contentions regarding grounds for dismissal based on the FTCA. First, the Defendants claim that the action should be dismissed because it was brought against the Ambassador to Costa Rica and the Secretary of State, and not the United States of America, which is a requirement to suit pursuant to the FTCA. Second, the Defendants seek to dismiss the assault and battery claim because this claim was not raised at the administrative level, as required under the FTCA. Third, the Defendants contend that Plaintiff's claim is barred by the FTCA's foreign country exception, as the alleged injury occurred in Costa Rica. Finally, the Defendants claim that the Plaintiff's claim is barred by the assault and battery exclusion of the FTCA.

It is clear that this case is brought against the Ambassador to Costa Rica and the Secretary of State, and not the United States. Suit pursuant to the FTCA is required to be brought against the United States, and only the United States, in accordance with 28 U.S.C. § 1346(b) and § 2679(a). *See Dig v. United States Postal Service*, 635 F.Supp. 406 (D.N.J. 1986) (citing *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984). Therefore this claim will be dismissed for lack of subject matter jurisdiction.

   **II.**   *Bivens* **Claim**

No federal statute exists which authorizes the federal courts to hear suits against federal officers who violated the United States Constitution. However, in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court inferred a cause of action for damages against federal officers directly from the constitutional provisions. *Bivens* permits "a citizen suffering a compensable

7

injury to a constitutionally protected interest [to] invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal officer." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

*Bivens* has been construed so that no remedy is extended to *Bivens* suits against federal agencies. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994). In extension, a suit against a federal officer in his official capacity is essentially a suit against the federal government itself. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Therefore, a *Bivens* suit can only exist against federal officials in their individual capacities.

Plaintiff does not indicate whether he sues the Ambassador for Costa Rica or the United States Secretary of State in their official or individual capacities. To the extent the Plaintiff brings a claim against the Ambassador to Costa Rica and the Secretary of State in their official capacities, those claims will be dismissed.

To the extent that Plaintiff alleges a *Bivens* actions against the Defendants in their individual capacities, these claims are based in *respondeat superior* liability. At this time, the Third Circuit Court of Appeals has yet to address whether *respondeat superior* liability is available in *Bivens* claims. *See Young v. Quinlan*, 960 F.2d 351, 358 (3d Cir. 1991), *superseded by statute on other grounds*, 42 U.S.C. § 1997e(a), *as recognized in Nyhuis v. Reno*, 204 F.3d 65 (3d Cir. 2000). However, the Third Circuit Court of Appeals has established that *respondeat superior* liabiltiy is unavailable for 42 U.S.C. § 1983 claims, and that *Bivens* claims are the federal counterpart of a Section 1983 suit. *See Francis v. Dodrill*, No. 3:04-CV-1694, 2005 WL 2216582, at *2 (M.D. Pa. Sept. 12, 2005) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988) (holding that *respondeat*

*superior* is unavailable in Section 1983 claims) and *Paton v. La Prade*, 524 F.2d 862, 871 (3d Cir. 1975) (holding that *Bivens* is the federal counterpart to Section 1983)).

Furthermore, the Third Circuit Court of Appeals has indicated in non-precedential cases that *respondeat superior* liability may not be available in *Bivens* actions. *See Parker v. United States*, 197 Fed. App'x 171, 173 n.1 (not precedential) (noting that "[b]ecause liability under *Bivens* . . . may not be based on the doctrine of respondeat superior, [the] defendants were properly dismissed."); *Balter v. United States*, 172 Fed. App'x 401, 403 (3d Cir. 2006) (not precedential) (holding that the district court properly granted a motion to dismiss when the defendant had no direct involvement and was sued based upon *respondeat superior* liability).

Furthermore, numerous other circuits have held that there is no *respondeat superior* liability in *Bivens* actions. *See, e.g.*, *Ruiz Rivera v. Riley*, 209 F.3d 24, 28 (1st Cir. 2000); *Laswell v. Brown*, 683 F.2d 261, 268 & n.11 (8th Cir. 1992); *Kite v. Kelly*, 546 F.2d 334, 337-38 (10th Cir. 1976). Similarly, the Middle District of Pennsylvania has found that *respondeat superior* liability is not a basis for *Bivens* actions. In *Francis v. Dodrill*, No. 3:04-CV-1694, 2005 WL 2216582, at *2 (M.D. Pa. Sept. 12, 2005), the District Court held that "[t]o establish liability under *Bivens*, a plaintiff must demonstrate that the defendants were personally involved in the deprivation of his rights, and the theory of *respondeat superior* is not a basis for liability." *Id.* (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988)).

Although suits for monetary damages against federal officials in their individual capacities can be brought as *Bivens* actions, here no cause of action lies because the

Plaintiff has failed to identify any personal actions on the part of the Ambassador to Costa Rica or the Secretary of State.  The Plaintiff has further alleged no knowledge, acquiescence, or other involvement in the assault by the Defendants.  Plaintiff's only allegations of personal actions are made against an unnamed embassy security director, and other security guards and U.S. Marine who "aided and abetted" in the assault.  Furthermore, Plaintiff in this case fails to specify the constitutional provisions that were violated.  For example, an assault and battery could potentially create a constitutional violation pursuant to the Fourth Amendment or the Eighth Amendment  However, insufficient facts exist even to support such violations.  As there are no allegations regarding the personal involvement of the Ambassador to Costa Rica or the Secretary of State, the *Bivens* claim against the Defendants will be dismissed.

### III.     Pennsylvania Constitution

Plaintiff also claims that the assault violated the Pennsylvania Constitution. In his prayer for relief, Plaintiff requests compensatory and punitive damages.  There is no private cause of action for damages arising from violations of the Pennsylvania Constitution.  *See Jones v. City of Philadelphia*, 890 A.2d 1188, 1215-16 (Pa. Commw. Ct. 2006) (discussing the lack of a cause of action for damages under the Pennsylvania Constitution and declining, "without the benefit of legislative action," to create such a cause of action for violations of the state constitution's prohibition against the use of excessive force).  Although monetary relief is unavailable, "other remedies, such as declaratory or injunctive relief . . . are . . . remedies under the Pennsylvania Constitution." *Id.* at 1216.  As Plaintiff seeks only a monetary remedy in the form of compensatory and

punitive damages, the cause of action alleged pursuant to the Pennsylvania Constitution will be dismissed.

## CONCLUSION

For the foregoing reasons, the Court will grant the Defendants' motion to dismiss. An appropriate Order follows.


October 22, 2007                               /s/ A. Richard Caputo
Date                                           A. Richard Caputo
                                               United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DONALD M. HUBERTY, | |
| Plaintiff, | NO. 3:07-CV-1420 |
| v. | (JUDGE CAPUTO) |
| U.S. AMBASSADOR TO COSTA RICA and U.S. SECRETARY OF STATE, | |
| Defendants. | |

**ORDER**

**NOW**, this  22nd  day of October, 2007, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss (Doc. 3) pursuant to Federal Rule of Civil Procedure 12 is **GRANTED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge